AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

**FILED**

MAY 1 0 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ 74 _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| VICTOR MEDINA-VELAZCO (1) | |
| aka Victor Medina-Nelazco | Case Number:   3:20-CR-03308-WQH |

Leah Weatherly Gonzales
Defendant's Attorney

**USM Number**       96112-298

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)      1 of the Information

☐ was found guilty on count(s)

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 8:1326 - Removed Alien Found In The United States (Felony) | 1 |

The defendant is sentenced as provided in pages 2 through      **5**      of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ is      dismissed on the motion of the United States.

☒ Assessment :  $100.00 imposed

–

☐ JVTA Assessment*: $

-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine          ☐ Forfeiture pursuant to order filed                    , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 3, 2021
Date of Imposition of Sentence

HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | VICTOR MEDINA-VELAZCO (1) | Judgment - Page **2** of **5** |
|---|---|---|
| CASE NUMBER: | 3:20-CR-03308-WQH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Thirteen (13) months

☐   Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant must surrender to the United States Marshal for this district:

  ☐   at _____ A.M.    on _____

  ☐   as notified by the United States Marshal.

☐   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐   on or before

  ☐   as notified by the United States Marshal.

  ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

3:20-CR-03308-WQH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | VICTOR MEDINA-VELAZCO (1) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 3:20-CR-03308-WQH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
Three (3) years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | VICTOR MEDINA-VELAZCO (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 3:20-CR-03308-WQH | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1.  The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3.  The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4.  The defendant must answer truthfully the questions asked by their probation officer.

5.  The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7.  The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

3:20-CR-03308-WQH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | VICTOR MEDINA-VELAZCO (1) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 3:20-CR-03308-WQH | |

## SPECIAL CONDITIONS OF SUPERVISION

1.  If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure.

//

AO 245B (Rev. 11/16) Judgment in a Criminal Case
      Attachment – Statement of Reasons

DEFENDANT:        Victor Medina-Velazco (1)
CASE NUMBER:      3:20-CR-03308-WQH
DISTRICT:         SOUTHERN DISTRICT OF CALIFORNIA

## STATEMENT OF REASONS
### (Not for Public Disclosure)
*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

## I.    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A.  ☒  **The court adopts the presentence investigation report without change.**

B.  ☐  **The court adopts the presentence investigation report with the following changes:** (*Use Section VIII if necessary*)
   (*Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report*)

   1.  ☐  **Chapter Two of the United States Sentencing Commission Guidelines Manual** determinations by court (*briefly summarize the changes, including changes to base offense level, or specific offense characteristics*):

   2.  ☐  **Chapter Three of the United States Sentencing Commission Guidelines Manual** determinations by court (*briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility*):

   3.  ☐  **Chapter Four of the United States Sentencing Commission Guidelines Manual** determinations by court (*briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations*):

   4.  ☐  **Additional Comments or Findings** (*include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it*):

C.  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**
   Applicable Sentencing Guideline (*if more than one guideline applies, list the guideline producing the highest offense level*): _____

## II    COURT FINDINGS ON MANDATORY MINIMUM SENTENCE *(Check all that apply.)*

A.  ☐  One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.

B.  ☐  One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below the mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

   ☐  findings of fact in this case (Specify): _____

   ☐  substantial assistance (18 U.S.C. § 3553(e))
   ☐  the statutory safety valve (18 U.S.C. § 3553(f))

C.  ☒  No count of conviction carries a mandatory minimum sentence.

## III.   COURT DETERMINATION OF GUIDELINE RANGE *(BEFORE DEPARTURES OR VARIANCES)*:

Total Offense Level:                                          16
Criminal History Category:                                   II
Guideline Range (*after application of §5G1.1 and §5G1.2*):  15 to 21 months
Supervised Release Range:                                    1 to 3 years
Fine Range:

☒  Fine waived or below the guideline range because of inability to pay.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Attachment – Statement of Reasons

Not for Public Disclosure

DEFENDANT:        Victor Medina-Velazco (1)
CASE NUMBER:      3:20-CR-03308-WQH
DISTRICT:         SOUTHERN DISTRICT OF CALIFORNIA

# STATEMENT OF REASONS

## IV.  GUIDELINE SENTENCING DETERMINATION *(Check all that apply)*

A.  ☐  The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.

B.  ☐  The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: _____. *(Use Section VIII if necessary)*

C.  ☑  The court departs from the guideline range for one or more reasons provided in the Guidelines Manual. *(Also complete Section V)*

D.  ☑  The court imposed a sentence otherwise outside the sentencing guideline system *(i.e., a variance). (Also complete Section VI)*

## V.  DEPARTURES PURSUANT TO THE GUIDELINES MANUAL *(If applicable)*

A.  **The sentence imposed departs** *(Check only one)*:
    ☐  above the guideline range
    ☑  below the guideline range

B.  **Motion for departure before the court pursuant to** *(Check all that apply and specify reason(s) in sections C and D)*:
    **1.        Plea Agreement**
        ☐  binding plea agreement for departure accepted by the court
        ☑  plea agreement for departure, which the court finds to be reasonable
        ☐  plea agreement that states that the government will not oppose a defense departure motion
    **2.        Motion Not Addressed in a Plea Agreement**
        ☐  government motion for departure
        ☐  defense motion for departure to which the government did not object
        ☐  defense motion for departure to which the government objected
        ☐  joint motion by both parties
    **3.        Other**
        ☐  Other than a plea agreement or motion by the parties for departure

C.  **Reasons for departure** *(Check all that apply)*:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 | High-Capacity Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 | Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.22 | Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| ☐ | 5K2.0 | Aggravating/Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ | 5K2.24 | Unauthorized Insignia |
| | | | | | | ☑ | 5K3.1 | Early Disposition Program (EDP) |

☐  Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual (see "List of Departure Provisions" following the Index in the Guidelines Manual). *(Please specify)*:

D.  ☐        **State the basis for the departure.** *(Use Section VIII if necessary)*

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Attachment – Statement of Reasons

Not for Public Disclosure

DEFENDANT:         Victor Medina-Velazco (1)
CASE NUMBER:       3:20-CR-03308-WQH
DISTRICT:          SOUTHERN DISTRICT OF CALIFORNIA

## STATEMENT OF REASONS

**VI.   COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

**A.   The sentence imposed is** *(Check only one)*:

☐ above the guideline range

☑ below the guideline range

**B.   Motion for a variance before the court pursuant to** *(Check all that apply and specify reason(s) in sections C and D)*:

1.   **Plea Agreement**

☐ binding plea agreement for a variance accepted by the court

☑ plea agreement for a variance, which the court finds to be reasonable

☐ plea agreement that states that the government will not oppose a defense motion for a variance

2.   **Motion Not Addressed in a Plea Agreement**

☐ government motion for a variance

☐ defense motion for a variance to which the government did not object

☐ defense motion for a variance to which the government objected

☐ joint motion by both parties

3.   **Other**

☐ Other than a plea agreement or motion by the parties for a variance

**C.   18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*

☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1)

| | | |
|---|---|---|
| ☐ Mens Rea | ☐ Extreme Conduct | ☐ Dismissed/Uncharged Conduct |
| ☐ Role in the Offense | ☐ Victim Impact | |
| ☐ General Aggravating or Mitigating Factors *(Specify)* _____ | | |

☐ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

| | |
|---|---|
| ☐ Aberrant Behavior | ☐ Lack of Youthful Guidance |
| ☐ Age | ☐ Mental and Emotional Condition |
| ☐ Charitable Service/Good Works | ☐ Military Service |
| ☐ Community Ties | ☐ Non-Violent Offender |
| ☐ Diminished Capacity | ☐ Physical Condition |
| ☐ Drug or Alcohol Dependence | ☐ Pre-sentence Rehabilitation |
| ☐ Employment Record | ☐ Remorse/Lack of Remorse |
| ☐ Family Ties and Responsibilities | ☐ Other *(Specify)*: _____ |
| ☐ Issues with Criminal History *(Specify)*: _____ | |

☐ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ To afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ To protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ To provide the defendant with needed educational or vocational training (18 U.S.C. § 3553(a)(2)(D))

☐ To provide the defendant with medical care (18 U.S.C. § 3553(a)(2)(D))

☐ To provide the defendant with other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) *(Specify in section D)*

☐ To provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

| | | |
|---|---|---|
| ☐ Acceptance of Responsibility | ☐ Conduct Pre-trial/On Bond | ☐ Cooperation Without Government Motion for Departure |
| ☐ Early Plea Agreement | ☐ Global Plea Agreement | |
| ☐ Time Served *(not counted in sentence)* | ☐ Waiver of Indictment | ☐ Waiver of Appeal |

☐ Policy Disagreement with the Guidelines (*Kimbrough v. U.S.*, 552 U.S. 85 (2007). *(Specify)*: _____

☐ Other *(Specify)*: _____

**D.   State the basis for a variance.** *(Use Section VIII if necessary)*   Covid 19

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Attachment – Statement of Reasons

Not for Public Disclosure

DEFENDANT:        Victor Medina-Velazco (1)
CASE NUMBER:    3:20-CR-03308-WQH
DISTRICT:          SOUTHERN DISTRICT OF CALIFORNIA

## STATEMENT OF REASONS

### VII.  COURT DETERMINATIONS OF RESTITUTION

A. ☑  **Restitution not applicable.**

B.  **Total amount of restitution: $.00**

C.  **Restitution not ordered** *(Check only one)*:

    1. ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2. ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3. ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4. ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).

    5. ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).

    6. ☐  Restitution is not ordered for other reasons. (*Explain*)

D. ☐  **Partial restitution is ordered for these reasons** *(18 U.S.C. § 3553(c))*:

### VIII.  ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE *(If applicable)*

Defendant's Soc. Sec. No.:      P ·
Defendant's Date of Birth:      07/28/1987
Defendant's Residence Address:  Domicilio Conocido, Mexico
Defendant's Mailing Address:    Same as above

May 3, 2021
Date of Imposition of Judgment

Signature of Judge

Honorable William Q. Hayes , U.S. District Judge
**Name and Title of Judge**

5/10/21
Date Signed